## CITY OF EVANSVILLE v. DENNETT.

### (Circuit Court of Appeals, Seventh Circuit.)

### No. 38.

1. MUNICIPAL BONDS—EFFECT OF RECITALS.

> *Held*, pursuant to the decision of the supreme court, that a recital, in a series of municipal bonds, that they were issued in pursuance of an act of the legislature and ordinances of the city council, passed in pursuance thereof, does not put a purchaser upon inquiry as to the terms of the ordinance under which the bonds were issued.

2. SAME.

> *Held*, further, pursuant to the decision of the supreme court, that a recital, in such bonds, that they were issued by virtue of a resolution of the city council, passed on a given date, does not put a purchaser upon inquiry as to the terms of the resolution.

3. SAME.

> *Held*, further, pursuant to the decision of the supreme court, that recitals in municipal bonds, of acts of the legislature, authorizing their issue upon certain conditions, and of the taking of steps to comply with such conditions, the acts so recited being invalid, and the conditions actually required being different, estop the municipality issuing the bonds, as against a bona fide purchaser for value, from asserting that the bonds were not issued under the proper conditions.

4. SAME.

> *Held*, further, pursuant to the decision of the supreme court, that, under such recitals as to the conditions of the issue of the bonds, a bona fide purchaser is not put upon inquiry as to the performance of the conditions actually requisite for the issue of the bonds.

5. SAME.

> *Held*, further, pursuant to the decision of the supreme court, that such recitals, as to the legislative authority for the issue of the bonds and the conditions under which they were issued, do not charge a bona fide purchaser for value with notice that the bonds were issued in pursuance of an invalid act, and of the conditions required thereby, but such purchaser has a right to assume from the recital that the conditions both of the invalid and valid acts had been complied with before the issue of the bonds.

In Error to the Circuit Court of the United States for the District of Indiana.

George A. Cunningham, for plaintiff in error.

A. W. Hatch, for defendant in error.

Before JENKINS, Circuit Judge, and BAKER and SEAMAN, District Judges.

PER CURIAM. This was a suit brought by William S. Dennett, the defendant in error, against the city of Evansville, to recover upon certain coupons taken from negotiable bonds purporting to be obligations of the city of Evansville. Judgment below was rendered in favor of the plaintiff, and a writ of error sued out by the city of Evansville to review that judgment. Upon the argument of the cause here, the court, desiring to be advised upon certain questions and propositions of law arising in the cause, certified the facts and certain questions to the supreme court for its opinion and instruction, as follows:

## Statement of Facts.

The city of Evansville, on May 1, 1868, issued its bonds, bearing date on that day, to the amount, in the aggregate, of the sum of $300,000, in payment of its subscription to the stock of the Evansville, Henderson & Nashville Railroad Company. Each bond was for the sum of $1,000, payable to the bearer 30 years after date, with interest on presentation of the coupons attached, and each bond was of the tenor and effect following:

"$1,000.00                                    No. ——

"United States of America.

"City of Evansville, State of Indiana.

"On account of stock subscription in the Evansville, Henderson and Nashville Railroad Company. The city of Evansville, in the state of Indiana, promises to pay to the bearer, thirty (30) years after date, the sum of one thousand dollars, at the office of the Farmers' Loan and Trust Company, of New York, with interest thereon at the rate of seven per centum per annum, payable semiannually at the office of the Farmers' Loan and Trust Company in the city of New York, on the first day of November and on the first day of May of each year, on presentation and delivery of the interest coupons hereto attached. This being one of a series of three hundred bonds of like tenor and date issued by the city of Evansville in payment of a subscription to the Evansville, Henderson and Nashville Railroad Company, made in pursuance of an act of the legislature of the state of Indiana and ordinances of the city council of said city passed in pursuance thereof. The city of Evansville hereby waives all benefit from valuation or appraisement laws. In testimony whereof the said city of Evansville has hereunto caused to be set its corporate seal, and these presents to be signed by the mayor of said city, and countersigned by the clerk thereof. Dated the 1st day of May, 1868.

"[Signed]                          William H. Walker, Mayor.
"A. M. McGriff, City Clerk."

The city of Evansville, on December 1, 1870, also issued its further series of bonds, amounting in the aggregate to the sum of $300,000, in payment of its subscription to the stock of the Evansville, Carmi & Paducah Railroad Company, each bond being dated December 1, 1870, for the sum of $1,000, payable to the Evansville, Carmi & Paducah Railroad Company, or bearer, December 1, 1895, with interest, etc., on presentation of coupons attached, and each bond was of the tenor and effect following:

"Total Amount Authorized, Three Hundred Thousand Dollars.

"No. ——.                                      $1,000.00.

"City of Evansville, State of Indiana.

"Evansville, Carmi and Paducah Railroad Company.

"By virtue of an act of the general assembly of the state of Indiana entitled 'An act granting to the citizens of the town of Evansville, in the county of Vanderburgh, a city charter,' approved January 27th, A. D. 1847, and by virtue of an act of the general assembly of the state of Indiana amendatory of said act, approved March 11th, 1867, conferring upon the city council of said city power to take stock in any company authorized for the purpose of making a road of any kind leading to said city; and by virtue of the resolution of said city council of said city, passed October 4th, 1869, ordering an election of the qualified voters of said city upon the question of subscribing three hundred thousand dollars to the capital stock of the Evansville, Carmi and Paducah Railroad Company, and said election, held on the 13th day of November, 1868, resulting in a legal majority in favor of such subscription; and by virtue of a resolution of said city council, passed May 23rd, 1870, ordering an issue of the bonds of the city of Evansville (of which this is a part) to an

amount not to exceed three hundred thousand dollars, bearing interest at the rate of 7 per cent. per annum, for the purpose of paying the subscription as authorized above: The said city of Evansville hereby acknowledges to owe and promises to pay to the Evansville, Carmi and Paducah Railroad Company, or bearer, one thousand dollars, without relief from valuation or appraisement laws, payable on the 1st day of December, A. D. 1895, at the Farmers' Loan and Trust Company, in the city of New York, with interest from the date thereof at the rate of 7 per cent. per annum, said interest payable semi-annually on the 1st day of June and the 1st day of December, on presentation of the proper coupons for the same at said bank. The faith and credit and real estate revenues and all other resources of the said city of Evansville are hereby solemnly and irrevocably pledged for the payment of the principal and interest of this bond. In testimony whereof the mayor of the city of Evansville has hereunto set his hand and affixed the corporate seal of the said city, and the city clerk of said city has countersigned these presents, this 1st day of December, 1870.                        Wm. Baker, Mayor.
"Wm. Helder. City Clerk."

The city of Evansville, by its charter, approved January 27, 1847, has power, conferred upon it by the fortieth clause of section 30 thereof, as follows:

"To take stock in any chartered company for making roads to said city, or for watering said city, and in any company authorized or empowered by the commissioners of Vanderburgh county, to build a bridge on any road leading to said city, and to establish, maintain and regulate ferries across the Ohio river from the public wharves of said city; provided that no stock shall be subscribed, or taken, by the common council in such company, unless it be on petition of two-thirds of the residents of said city who are freeholders of the city, distinctly setting forth the company in which stock is to be taken and the number and amount of shares to be subscribed; and provided, also, that in all cases where such stock is taken, the common council shall have power to borrow money and levy and collect the taxes on all real estate (either inclusive or exclusive of improvement, at their discretion) for the payment of said stock."

This fortieth clause of section 30 of the original charter of Evansville was, in form, amended by an act of the legislature of the state of Indiana entitled "An act to amend the 40th clause of section 30 of an act entitled 'An act to grant to the citizens of the town of Evansville, in the county of Vanderburgh, a city charter,' approved January 27, 1847, and declaratory of the meaning of the second section of the same." Acts 1865, p. 76. Under the decisions of the supreme court of Indiana this act was repugnant to the constitution, and invalid, in that it did not set out the entire section as amended.

In 1867 the legislature of the state of Indiana attempted to amend the act of 1865, above referred to, by an act entitled "An act to amend the first section of an act entitled 'An act to amend the 40th clause of the 30th section of an act entitled "An act granting to the citizens of the town of Evansville, in the county of Vanderburgh, a city charter,"' approved January 27, 1847, and declaratory of the meaning of the 2nd section of the same, approved December 21, 1865, so as to authorize the common council of the city of Evansville to subscribe for and take stock in the Evansville, Henderson & Nashville Railroad Company, or any other company, or corporation, organized for the purpose of constructing a railroad leading from Nashville, in the state of Tennessee, to a point on the Ohio river at, or near, Evansville, Indiana." Acts 1867, p. 121.

This is an act authorizing subscriptions for stock in the Evansville, Henderson & Nashville Railroad Company, or other railroad companies, by the city of Evansville, when a majority of the qualified voters of the city, who were also taxpayers, should vote therefor. Under the decision of the supreme court of the state of Indiana, this latter act is invalid, because amendatory of a prior invalid act.

The bonds in question, of both series, were in fact issued in attempted compliance with the act of March 11, 1867, above, and in the recitals in the bonds issued to the Evansville, Carmi & Paducah Railroad Company, referred to. The ordinances of the city council of the city of Evansville, authorizing the issue of both series of bonds, disclose that they were issued pursuant to an election by the legal voters of the city of Evansville, and do not recite that any petition of resident freeholders of the city was presented to the common council, as required by the charter; and no such petition was, in fact, in either case, made or presented to the common council of the city of Evansville. The defendant in error, William S. Dennett, purchased bonds of both issues, before maturity, and for value, and is a bona fide holder thereof. This suit is brought upon matured coupons of both series of bonds.

### Questions.

(1) Does the recital in the series of bonds issued in payment of subscription to the Evansville, Henderson & Nashville Railroad Company, that they were issued "in pursuance of an act of the legislature of the state of Indiana, and ordinances of the city council of said city, passed in pursuance thereof," put a purchaser upon inquiry as to the terms of the ordinances under which the bonds were issued?

(2) Does the recital in the series of bonds issued to the Evansville, Carmi & Paducah Railroad Company, that they were issued "by virtue of a resolution of said city council, passed May 23, 1870," put a purchaser upon inquiry as to the terms of that resolution, and charge him with knowledge of its terms?

(3) Do the recitals in the bonds issued to the Evansville, Carmi & Paducah Railroad Company, as against a bona fide purchaser for value of such bonds, estop the city of Evansville from asserting that such bonds were not issued for stock subscribed, upon a petition of two-thirds of the residents of said city, who are freeholders of the city, distinctly setting forth the company in which stock is to be taken and the number and amount of shares to be subscribed?

(4) Under the recitals in the series of bonds issued to the Evansville, Carmi & Paducah Railroad Company, is a bona fide purchaser for value put upon inquiry to ascertain whether a proper petition of two-thirds of the residents of the city of Evansville who are freeholders of the city had been presented to the common council before that body had subscribed for stock in said railroad company?

(5) Is a bona fide purchaser for value of the bonds issued to the Evansville, Carmi & Paducah Railroad Company charged by the recital in said bonds with notice that they were issued in pursuance of an invalid act, and in pursuance of an election thereunder; or

had such a purchaser a right to assume from the recital that the prerequisites of both the valid act and the invalid act had been observed by the common council before the issuance of such bonds?

The supreme court, in response to the request, has returned to us its answers to the several questions propounded, answering the first, second, and fourth questions in the negative, the third question in the affirmative, the first paragraph of the fifth question in the negative, and the last paragraph of the fifth question in the affirmative. The opinion of the supreme court will be found reported in 16 Sup. Ct. 613.

The answers of the supreme court to the questions propounded to it affirm the validity and binding obligation of the bonds in question, and the case requires no further consideration at our hands. The judgment appealed from will be affirmed.